IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ANTHONY WALLACE,

        Petitioner,

vs.                                                                                                No. CIV 10-239 LH/LFG

TIMOTHY HATCH, Warden, et al.,

        Respondents.

## **MAGISTRATE JUDGE'S FINDINGS AND RECOMMENDED DISPOSITION[1]**

### **Findings**

    1. This is a proceeding on a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, filed March 15, 2010. After receiving an extension of time to respond, Respondents filed their Answer [Doc. 8] on July 26, 2010. Petitioner Anthony Wallace ("Wallace") challenges the judgment and sentence entered by the Ninth Judicial District Court, Curry County, in <u>State of New Mexico v. Anthony Wallace</u>, No. D-905-CR-2007-00070. Wallace contends that he received ineffective assistance of counsel at trial.

    2. Following a jury trial, Wallace was convicted on six counts of a twelve-count indictment. The offenses included armed robbery, assault with intent to commit a violent felony, aggravated burglary (deadly weapon), intimidation, and two counts of attempted armed robbery. Judgment and

---

[1] Within fourteen (14) days after a party is served with a copy of these findings and recommendations, that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such findings and recommendations. A party must file any objections with the Clerk of the U.S. District Court within the 14-day period allowed if that party wants to have appellate review of the findings and recommendations. If no objections are filed, no appellate review will be allowed.

Sentence were entered on March 31, 2008. Wallace was sentenced to a total term of 36 years, with two years of supervised parole upon his release. [Doc. 8, Ex. A].

    3. Wallace's conviction was upheld by the New Mexico Court of Appeals on October 31, 2008 [Doc. 8, Ex. F], and his subsequent Petition for Writ of Certiorari was denied by the New Mexico Supreme Court on December 9, 2008. [Doc. 8, Ex. H].

    4. On March 9, 2010, Wallace filed a Petition for Habeas Corpus in state district court. [Doc. 8, Ex. J]. A few days later, on March 15, 2010, he filed the present federal petition. [Doc. 1]. Wallace has not notified this Court that the state habeas petition has been resolved, and a review of the state court docket[2] in No. D-905-CR-2007-00070 reveals that Wallace's state habeas petition is still pending as of September 22, 2010.

    5. As was true in <u>Anderson v. Bruce</u>, 28 F. App'x 786, 788 (10th Cir. 2001):

> Mr. Anderson's petition for state post-conviction relief is currently pending before state courts, and the state has not waived exhaustion. Consequently, the petitioner has not satisfied the prerequisites for bringing a federal habeas petition.

    6. Respondents ask the Court to dismiss Wallace's federal petition, without prejudice, for failure to exhaust available state court remedies. The Court determines that dismissal without prejudice is appropriate in this case.

    7. An application for a writ of habeas corpus by a person in state custody may not be granted unless the applicant has exhausted the remedies available in the state court. 28 U.S.C. § 2254(b)(1). The exhaustion rule requires that the federal issue be properly presented to the highest state court, either by direct review of the conviction or in a post-conviction attack. <u>Dever v. Kan. State Penitentiary</u>, 36 F.3d 1531, 1534 (10th Cir. 1994).

---

[2] http://www2.nmcourts.gov/caselookup/app

8. The issue raised in Wallace's federal petition is identical to the one raised in the state petition; indeed, the two petitions appear to be photocopies of the same document. [*Compare*, Doc. 1 and Doc. 8, Ex. J]. This one issue – *i.e.*, "Denial of effective assistance of counsel; lack of intrest [sic], bordem [sic, apparently should be "boredom"] and he knodded [sic] off to sleep on numerous occasions" [Doc. 1, at 6; Doc. 8, Ex. J, at 6] – was not raised in Wallace's direct appeal. [*See*, Doc. 8, Exs. C-F]. Thus, it has never been presented to the state's highest court, either on direct appeal or in post-conviction review, and therefore remains unexhausted.

9. The exhaustion requirement "is principally designed to protect the state court's role in the enforcement of federal law and prevent disruption of state judicial proceedings." Rose v. Lundy, 455 U.S. 509, 518 (1982).

> Because it would be unseemly in our dual system of government for a federal district court to upset a state court conviction without an opportunity to the state courts to correct a constitutional violation, federal courts apply the doctrine of comity, which teaches that one court should defer action on causes properly within its jurisdiction until the courts of another sovereignty with concurrent powers, and already cognizant of the litigation, have had an opportunity to pass upon the matter.

Id. (internal punctuation omitted).

10. "[T]he petitioner in a habeas case must be permitted to develop the record fully on the issue of ineffective assistance of counsel in collateral proceedings in the state courts in order to ensure an adequate record for this court to review." Clark v. Tansy, 13 F.3d 1407, 1413 (10th Cir. 1993).

11. In cases where a state habeas petition is pending at the time the federal petition is filed, the case should be dismissed without prejudice. The petitioner is free to re-file the federal petition, if he so chooses, after full exhaustion of the state petition. Judd v. Dantis, 2000 WL 123755, at *1

(10th Cir. 2000); Brown v. Shanks, 185 F.3d 1122, 1125 (10th Cir. 1999).

**Recommended Disposition**

That the Petition be dismissed without prejudice for failure to exhaust state remedies.

*Lorenzo F. Garcia*
Lorenzo F. Garcia
United States Magistrate Judge